ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
California Bar Number 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 13-00330 SJO (VBKx) |
| Plaintiff, | **CONSENT JUDGMENT** |
| vs. | |
| REAL PROPERTY LOCATED AT 4519 VILLAGE ROAD, LONG BEACH, CA, | |
| Defendant. | |
| CHRISTOPHER STEVEN BOTSACOS, | |
| Claimant. | |

//

1      This action was filed on January 16, 2013.  Notice was
2 given and published in accordance with law.  Claimant and
3 titleholder Christopher Steven Botsacos ("claimant") claims an
4 interest in the defendant real property and has filed a claim in
5 this case, but not answered the complaint.  However, claimant
6 would have filed an answer in this case absent this settlement.
7 No other claims or answers have been filed, and the time for
8 filing claims and answers has expired.  Plaintiff United States
9 of America ("the government") and claimant have reached an
10 agreement that, without further litigation and without an
11 admission of any wrongdoing, is dispositive of the government's
12 claims against the defendant property, and hereby request that
13 the Court enter this Consent Judgment.

14      **WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

15      1.   As used throughout, the following terms shall have the
16 following meaning:  (a) "defendant property" shall mean the
17 defendant real property located at 4519 Village Road, Long
18 Beach, California; and (b) "illegal purpose" shall mean any
19 purpose that furthers or facilitates the growing, manufacturing,
20 distribution or sale of marijuana in violation of federal law.

21      2.   This Court has jurisdiction over the parties to this
22 Consent Judgment and the subject matter of this action.

23      3.   On or about January 16, 2013, the government filed a
24 Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7)
25 against the defendant real property.

26      4.   Claimant and titleholder Christopher Steven Botsacos
27 claims an interest in the defendant real property and has filed
28 a claim in this case, but not answered the complaint.  However,

claimant would have filed an answer in this case absent this settlement.  No other claimant has appeared in this action.

5.   Notice of this action has been given in accordance with law.  No other appearances having been made, the Court deems that all potential claimants other than Christopher Steven Botsacos admit the allegations of the Complaint to be true.  The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

6.   Claimant shall retain possession of and title to the defendant property, and in consideration thereof, agrees to abide by the terms of this Agreement.  Claimant shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below.  If claimant fails to comply with any of the terms of paragraph 7, his interest in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

7.   Claimant shall not use or occupy the defendant property, nor shall he allow the defendant property to be used or occupied, for any illegal purpose (as defined in paragraph 1).  Claimant shall take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto.  Claimant shall not knowingly rent, lease or otherwise allow the use or occupancy of any of his property to any person claimant has reason to believe may use or occupy its property for any illegal purpose.

8.   In the event that claimant fails to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this Consent

Judgment, the entirety of claimant's interest in the defendant property shall be ordered condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below.  In the event of forfeiture, the Los Angeles County Recorder shall index this Consent Judgment in the grantor index under the name of Christopher Steven Botsacos, and in the grantee index in the name of the United States of America.  If the government believes that claimant failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to claimant (as well as his respective undersigned counsel), describing the provision believed to have been violated.  Claimant shall have fifteen (15) days from his receipt of such notice to cure the violation.  In order to cure the violation, claimant shall immediately complete all reasonable and necessary steps to produce compliance as soon as reasonably practicable.  If the violation is not cured within the 15-day period by initiating such steps, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of claimant to timely cure the violation.  The government shall provide claimant with all necessary proof and information that supports its allegation that there has been non-compliance.  Claimant shall have fifteen (15) court days from the receipt of the Notice to file a motion to seek relief from forfeiture, wherein the moving party may argue that, among other things, he is an "innocent owner" pursuant to 18 U.S.C. § 983(d).  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the

defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise. Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited to the government, claimant agrees that the Department of Homeland Security, Homeland Security Investigations, may proceed to sell the defendant property.  Thereafter, the Department of Homeland Security, Homeland Security Investigations, or its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

9. Upon the filing of this Consent Judgment, the Department of Homeland Security, Homeland Security Investigations, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory.  Such entry shall be permitted by claimant at a

1  reasonable time to be agreed upon by the parties.  Absent such
2  agreement, the government may apply to the Court for a writ of
3  entry for purposes of protecting the government's interests in
4  the defendant property, in connection with which claimant may
5  request a hearing.
6       10.  This Consent Judgment shall only be recorded in
7  accordance with the provisions of paragraph 8 above.
8       11.  In consideration of the government's agreement not to
9  pursue claimant's interest in the defendant property, claimant
10 shall pay the sum of $22,000.00 to the government not later than
11 sixty days following entry of this Consent Judgment by the
12 Court.  Such payment shall be made in the form of a cashier's
13 check made payable to the United States Customs and Border
14 Protection, and shall be delivered to Assistant United States
15 Attorney Jonathan Galatzan, 312 N. Spring Street, 14th Floor, Los
16 Angeles, California 90012.  Said sum is hereby ordered forfeited
17 to the United States of America and no other right, title or
18 interest shall exist therein.  The United States Customs and
19 Border Protection is ordered to dispose of the funds in
20 accordance with law.
21      12.  In consideration of claimant's agreement to forfeit
22 the above-described funds, the government agrees to forego its
23 attempts to forfeit claimant's interest in the defendant
24 property in connection with any conduct committed up to and
25 including the date of the filing of this proposed Consent
26 Judgment.  The government agrees that if payment is made as
27 provided in paragraph 11, it shall execute and record a
28

Withdrawal of *Lis Pendens* with the County Recorder of Los Angeles County within ten days of such payment.

13. Should claimant fail to make the payment required herein within sixty days following entry of this Consent Decree, the government shall acquire a lien against the defendant real property in the sum of $22,000.00.  The government's lien shall include a right of sale, allowing the government to take possession of and sell the defendant property at any time after seventy-five days after entry of this Consent Judgment, unless the parties agree otherwise in writing.  The government shall give written notice to claimant by letter directed to Janet Sherman, Esq., as set forth below, thirty (30) days before the government intends to enforce its right of sale of the property.  At the conclusion of that thirty day period, any occupants or personal property shall be removed from the property.  The Department of Homeland Security, Homeland Security Investigations, is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice without further order of this Court.  The Department of Homeland Security, Homeland Security Investigations, shall thereafter sell the property.  The proceeds of sale shall be applied as follows, to the extent proceeds are available:

    a.   First, to the costs incurred by the Department of Homeland Security, Homeland Security Investigations, in taking possession of and selling the defendant property;

        b.    Second, to the payment due under the terms of this Consent Judgment; and

        c.    Third, to any secured lienholder, according to law; and

        d.    Fourth, any remainder to claimant.

14.  The obligations of claimant pursuant to this Consent Judgment, other than the payment by claimant set forth in paragraph 11, shall terminate and be of no further effect upon the sale or other transfer of ownership of the defendant property to a third party (including the Department of Homeland Security, Homeland Security Investigations), or of the surrender by claimant of its entire interest in the property. Additionally, these obligations shall terminate and be of no further effect in the event that the defendant property is forfeited to the government.

15.  Except as otherwise set forth in this Consent Judgment and in particular in Paragraph 8 above, claimant has released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Department of Homeland Security, Homeland Security Investigations, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by it or on its behalf.

16.  Each of the parties shall bear its own costs and attorneys' fees in this action.

17.  The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

18.  The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

19.  All notices and other communications provided for in this Consent Judgment shall be in writing and shall be effective when given on the earliest of the following dates:  (i)  the date when actually delivered if delivered in person to the recipient; (ii)  on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii)  on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt requested, addressed to, except as otherwise provided in this Consent Judgment, the recipient at the address set forth below:

To the Government:  Jonathan Galatzan or P. Greg Parham, Assistant U.S. Attorney, Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los Angeles, CA 90012.

To claimant: Janet Sherman, Esq., 2115 Main Street, Santa Monica, CA  90405.

///

///

///

```
 1  Any notice so given by mail shall be deemed to have been given
 2  as of the date of delivery (whether accepted or refused)
 3  established by the U.S. Post Office return receipt or the
 4  overnight courier's proof of delivery, as the case may be.
 5
 6  Dated: August 30, 2013      /s/ S. James Otero
                                THE HONORABLE S. JAMES OTERO
 7                              UNITED STATES DISTRICT JUDGE
 8
    Approved as to Content:
 9
    DATED: August 29, 2013      ANDRÉ BIROTTE JR.
10                              United States Attorney
                                ROBERT E. DUGDALE
11                              Assistant United States Attorney
                                Chief, Criminal Division
12                              STEVEN R. WELK
                                Assistant United States Attorney
13                              Chief, Asset Forfeiture Section
14
                                   /s/ Jonathan Galatzan
15                              JONATHAN GALATZAN
                                Assistant United States Attorney
16
                                Attorneys for Plaintiff
17                              United States of America
18
    DATED: August 27, 2013
19
                                   /s/ Christopher Steven Botsacos
20                              CHRISTOPHER STEVEN BOTSACOS
                                Claimant
21

22  Approved as to form:
23
    DATED: August 27, 2013      SHERMAN AND SHERMAN
24

25
                                   /s/ Janet Sherman
26                              JANET SHERMAN, ESQ.
                                Attorney for Claimant
27                              Christopher Steven Botsacos
28
```

10